IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

TIMOTHY W. HINES,                        )
                                         )
                 Movant,                 )
                                         )
v.                                       )      Case No. 06-0070-CV-W-ODS
                                         )      Crim. No. 02-00017-01-CR-W-ODS
UNITED STATES OF AMERICA,                )
                                         )
                 Respondent.             )

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF AND
(2) DENYING MOTION TO STAY

        Pending is Movant's (1) request for postconviction relief pursuant to 28 U.S.C. §
2255 and (2) motion to stay.  Both motions (Doc. # 1 and Doc. # 4) are denied.


I.  BACKGROUND


        Movant was indicted on one count of conspiring to manufacture
methamphetamine and one count of possessing pseudoephedrine with the intent to
manufacture methamphetamine.  Prior to trial, Movant filed motions to suppress
evidence, suppress his statements, and suppress the results of a lineup.  All three
motions were denied.  In December 2002, Movant changed his plea to guilty, but later
sought to withdraw his plea.  Movant's request to withdraw his plea was granted, and
the Government filed an "Amended Information of Prior Drug Conviction" detailing
Movant's prior felony drug convictions, exposing Movant to the mandatory sentencing
provisions of 21 U.S.C. § 841.  A jury found Movant guilty of the two charges against
him and, as required by section 841, Movant was sentenced to life imprisonment on
Count I.  He was also sentenced to a concurrent sentence of 240 months on Count II.

        On direct appeal, Movant challenged the denials of his suppression motions.
The judgment was affirmed.  United States v. Hines, 387 F.3d 690 (8th Cir. 2004).  A
Petition for Writ of Certiorari was not filed.  Movant then timely filed a motion for

postconvicton relief, alleging his attorney provided ineffective assistance in four respects: (1) failing to challenge the convictions triggering section 851's application, (2) failing to file a Petition for Writ of Certiorari, (3) failing to raise a double jeopardy argument, and (4) failing to object to cumulative punishment.  He has also filed a Motion to Stay, asking the Court to consider his second issue first, grant relief by allowing him to petition the Supreme Court for a Writ of Certiorari, then stay consideration of the other issues.

## II.  DISCUSSION

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)).  This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.  Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"  Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id.  Failure to satisfy both prongs is fatal to the claim.  Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

2

## A.  Failure to Seek a Writ of Certiorari

For ease of discussion, this issue will be addressed first.  Review by the Supreme Court is discretionary, <u>Ross v. Moffitt</u>, 417 U.S. 600, 617 (1974), and there is no Sixth Amendment right to counsel in connection with discretionary review; therefore, there is no Sixth Amendment right to have counsel file a Petition for Writ of Certiorari. <u>Wainwright v. Torna</u>, 455 U.S. 586, 587 (1982) (per curiam); <u>Miller v. Keeney</u>, 882 F.2d 1428, 1431-32 (9th Cir. 1989).  This claim fails on the merits, so there is no reason to grant the stay.

## B.  Failure to Challenge Prior Convictions

21 U.S.C. § 841(b) provides that a person convicted of certain narcotic-related crimes (including the crimes Movant was found guilty of committing) "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ."  The method for establishing prior convictions is set forth in 21 U.S.C. § 851.  Subsection (e) provides that "[n]o person may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."  All three of Petitioner's felony drug convictions were more than five years old at the time the Government filed the Amended Information of Prior Drug Conviction.  Therefore, any challenge would have been futile and counsel's failure to take this futile act could not constitute prejudice or deficient performance under <u>Strickland</u>.

## C.  Failure to Raise Double Jeopardy Argument

As noted earlier, the sentences on Counts I and II were ordered to run concurrently.  In addition, as required by 18 U.S.C. § 3013(a)(2)(A), the Court ordered Movant to pay a special assessment of $100 per count, for a total of $200.  Petitioner

argues the imposition special assessments for both counts constitutes a consecutive punishment in contravention of the concurrent sentences ordered and, hence, a violation of his right to be free of Double Jeopardy.

It would be an understatement to say the Double Jeopardy argument is frivolous; imposing both a fine and a term of imprisonment for a single crime is constitutional.   In addition, the imposition of a special assessment for each count is mandated by the statute.  Counsel did not provide ineffective assistance in failing to present this argument.

### D.  Failure to Object to Cumulative Punishment

Petitioner contends Counts I and II charged him with two different crimes for the same act, and counsel should have objected to this "cumulative punishment." Petitioner's characterization is incorrect.  The *actus reas* for Count I was the agreement he entered to manufacture methamphetamine.  The *actus reas* for Count II was the possession of ingredients with the intent to manufacture methamphetamine.  These are two separate crimes, so there was no valid objection to be made.

### III.  CONCLUSION

For these reasons, the Motion to Stay and the Motion for Postconviction Relief are denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: May 9, 2006                        UNITED STATES DISTRICT COURT

4